```
           IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**GABRIEL T. WALLER,**

                        Plaintiff,

        v.                                CASE NO. 21-3022-SAC

**SARAH JAMES, et al.,**

                        Defendants.

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner at the Johnson County Adult Detention Center, proceeds pro se.

### Nature of the Complaint

Plaintiff states that he suffered a cardiac arrest on January 9, 2019. He claims that defendant James, a registered nurse, was among those who responded. However, he claims she did nothing to assist him. He also sues Corizon Health Services, LLC. He asserts claims of medical malpractice, deliberate indifference, and inadequate training.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Discussion

The statute of limitations applicable to § 1983 actions is borrowed from the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983.... In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

In contrast, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).

Here, because plaintiff was aware of the conduct of defendant James on January 9, 2019, the court finds the claim accrued on that day. Therefore, the limitation period began to run and expired on or about January 9, 2021. However, plaintiff did not commence this action within that time. His complaint and motion to proceed in forma pauperis are not dated, and the mailing envelopes for these filings are postmarked January 19, 2021.

Because it appears this matter was not filed within the

limitation period, the court will direct plaintiff to show cause why this matter should not be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **February 22, 2021,** plaintiff shall show cause why this matter should not be dismissed as an untimely filing. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 22nd day of January, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge